# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO LUA, | Case No. ED CV 13-0461 DOC (JCG) |
| Petitioner, | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| G. LEWIS, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's "Application for Certificate of Appealability," which the Court liberally construes as Petitioner's Objections, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the arguments made in the Petition, and lack merit for the reasons set forth in the Report and Recommendation.

There are two issues, however, that warrant brief amplification here. First, in his Objections, Petitioner provides the Court – for the first time – with information regarding his habeas corpus petition filed in the California Supreme Court. (Obj. at 49); Pet. for Review, California Supreme Court, Case No. S192832, filed May 4, 2011, denied June 15, 2011. Although it need not, the Court exercises its discretion to consider such evidence, and, in so doing, finds it patently unpersuasive. *See United*

1   *States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) ("[A] district court has

2   discretion, but is not required, to consider evidence presented for the first time in a

3   party's objection to a magistrate judge's recommendation").  In particular, Petitioner's

4   petition in the California Supreme Court was filed on May 4, 2011, nearly one year

5   *after* the limitation period already expired on May 13, 2010.  (*See* R&R at 4.)

6         Second, to the extent Petitioner argues that he was in administrative segregation

7   and on psychiatric medications between 2009 and 2013, thus preventing him from

8   timely filing his federal habeas petition, his own pleadings in prior actions belie that

9   very argument.  Specifically, Petitioner has filed *five* new actions over the last several

10  years with this Court alone, all of which have been dismissed.  *See* Case Nos. CV 10-

11  3548 DOC (JCG), ED CV 12-0824 DOC (JCG), CV 12-4452 DOC (JCG), CV 12-

12  4448 DOC (JCG), CV 12-4010 DOC (JCG).  In fact, Petitioner's own inmate forms

13  suggest that Petitioner was actively pursing his "appeal process" since at least 2009.

14  (Obj. at 21.)  Under these circumstances, the Court cannot find that it was *impossible*

15  for Petitioner to file a timely federal habeas petition.  *See Holland v. Florida*, 130 S.

16  Ct. 2549, 2560 (2010) (only "extraordinary circumstances" warrant tolling of the

17  limitation period); *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (mental

18  impairment must have made it "impossible" to meet filing deadline).

19        Accordingly, IT IS ORDERED THAT:

20      1.    The Report and Recommendation is approved and accepted;

21      2.    Judgment be entered denying the Petition and dismissing this action with

22              prejudice; and

23      3.    The Clerk serve copies of this Order on the parties.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Thus, the Court declines to issue a certificate of appealability.

DATED:   May 14, 2013

_____

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE